**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| MALLORY WARREN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer PLAYER, *et al.*, | : | NO. 7:08-CV-4 (WLS) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **MALLORY WARREN**, an inmate at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint (Tab # 11).

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

1

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that on December 18 and 23, 2007, while he was housed in the Thomas County Jail, defendant Officer Player used excessive force against plaintiff. Plaintiff further alleges that defendant Sergeant Drawdy was present on one of the occasions, but did nothing to intervene or stop Officer Player. Plaintiff sues defendant Sheriff Carlton Powell because he is "over" the Thomas County Jail. Lastly, plaintiff sues defendant Jail Administrator Virginia Williams for ignoring the "situation" between plaintiff and Officer Player.

Plaintiff seeks damages for his pain and suffering.

## III. DISCUSSION

### *A. Sheriff Carlton Powell*

Plaintiff seeks to sue Sheriff Carlton Powell in his "supervisory" capacity. A supervisor may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. **Monell v.**

*Department of Social Services of New York*, 436 U.S. 658, 691 (1978). However, a supervisor may be held liable for failure to supervise. *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985). In order to state a claim for failure to supervise, Plaintiff must establish that the failure to supervise was the moving force behind the deprivation of a constitutional right. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 389 (1989). Liability for failure to supervise can be imposed only in limited circumstances. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir.1998). It must be established that a supervisory official made a deliberate choice not to supervise or take action even though he knew of evidence of the need to supervise. *Id*. Without knowledge of the need to supervise, liability cannot be imposed. *Id.* A claim for the failure to supervise requires a high standard of proof in order to avoid subjecting a supervisor to a claim based on *respondeat superior*. *Id.* at 1351, n.10.

Plaintiff merely conclusorily alleges that Sheriff Powell failed to supervise. He alleges no specific acts or omissions which might support his failure to supervise claim, nor does he allege any circumstances putting this defendant on notice of a need to supervise. Accordingly, it is **RECOMMENDED** that plaintiff's claim against Sheriff Powell be **DISMISSED** and that he be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. Jail Administrator Virginia Williams

The only allegation of defendant Jail Administrator Virginia Williams' involvement in the alleged excessive force is that she apparently failed to take any corrective action after being informed,

3

via a grievance, that plaintiff had a "situation" with Officer Player. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *Owens v. Leavins,* 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006). Thus, plaintiff fails to state a claim against Jail Administrator Williams. It is therefore **RECOMMENDED** that plaintiff's claim against Jail Administrator Williams be **DISMISSED** and that she be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

*C. Officer Player and Sergeant Drawdy*

Although it is not clear that plaintiff will ultimately prevail on the merits, the undersigned finds that plaintiff has made sufficient allegations against Officer Player and Sergeant Drawdy to withstand the frivolity review. Therefore, by separate order, plaintiff's complaint shall be allowed to proceed against Officer Player and Sergeant Drawdy only.

**SO RECOMMENDED**, this 22nd day of February, 2008.

                                       */s/ Richard L. Hodge*
                                       RICHARD L. HODGE
                                       UNITED STATES MAGISTRATE JUDGE