IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MALLORY WARREN, | : |
| Plaintiff | : |
| VS. | :    7 : 08-CV-04 (HL) |
| OFFICER PLAYER, et al., | : |
| Defendants. | : |

**RECOMMENDATION**

The plaintiff filed this action on January 7, 2008, challenging the alleged used of excessive force by the defendants during his confinement in the Thomas County Jail.  Presently pending herein is the motion for summary judgment filed on behalf of defendants Player and Drawdy.  The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.  Plaintiff ultimately responded to the defendants' motion on January 20, 2009, after having requested and received an extension of time in which to file a response.  His response is in the form of an unsworn statement that essentially recites various principles of law governing the area of excessive force.

*Background*

The two (2) incidents that form the basis of this complaint took place during the plaintiff's confinement at the Thomas County Jail during 2007 and 2008.  In the first incident of alleged use of excessive force, the plaintiff was sentenced at the Thomas County Jail on escape charges on December 18, 2007.  Disappointed by the one-year sentence imposed despite a

recommendation by the district attorney to a sentence of time served, the plaintiff became upset and began yelling and hitting various objects in the jail hallway.  Officer Drawdy was in the hallway and instructed the plaintiff to return to his cell, although the plaintiff refused and remained in the hallway and continued to yell.  Drawdy called Officer Player for assistance, and Player was to escort the plaintiff back to his cell.  According to the plaintiff, Player pushed him twice in the upper back and told him to go back to his cell.  The plaintiff alleges that although these pushes did not cause him to fall, they did cause his neck to "pop" and that he has experienced pain in his neck and back ever since the incident.

The second incident underlying this lawsuit took place on December 23, 2007.  The plaintiff was housed in Cell 20 in Pod B-1, on the second floor of the Thomas County Jail.  The jail administrator had told the plaintiff that he would be housed in Cell 20 by himself, due to plaintiff having caused problems in other housing situations.  Another inmate, one who had earlier threatened suicide, was being escorted by officers Drawdy, Player and Campbell to Cell 20 on the day in question, since this cell's lights were always on and it was often used as an observation cell.  Player told the plaintiff to move to Cell 21, and the plaintiff objected.  After some verbal sparring, officer Player allegedly placed the plaintiff in a choke hold and the plaintiff was handcuffed.  Plaintiff alleges that this use of force exacerbated his neck and back injuries.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  Defendants Player and Drawdy have supported their motion for summary judgment with their affidavits, the plaintiff's deposition, as well as various portions of the plaintiff's medical records.

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the

application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

*First incident*: *December 18, 2007*

The defendants argue that even assuming that the facts are as set out by the plaintiff, and defendant Player pushed the plaintiff in the back in the jail hallway, this does not amount to an unconstitutional use of excessive force under the four-part constitutional analysis of force in a prison setting, set out in *Hudson* and echoed in numerous cases since. During the plaintiff's series of outbursts in the jail hallway on December 18, 2007, Officer Drawdy had instructed the plaintiff on several occasions to return to his cell, and the plaintiff had refused to comply. Officer Player was called to the scene and, according to the plaintiff, pushed him several times in the upper back. As the defendants point out, there is no indication or evidentiary support of injury to the plaintiff other than pain in his neck and back. Plaintiff did not make any complaints of neck or back pain during the medical visit immediately following the December 18, 2007,

incident, and his medical records for the first three months of his confinement at the Dougherty County Jail (plaintiff's subsequent place of confinement) do not reveal any complaints or treatment for back or neck pain.  Thus, both the lack of any injury and the need for the use of force, necessitated by the plaintiff's refusal to comply with orders, show that the use of force by officer Player was justified.  Additionally, the need for the use of force measured against the amount of force actually used, slight shoves in the back, and the slight amount of force used point to a finding that the use of force was not constitutionally excessive.

*Second incident: December 23, 2007*

In regard to the second incident, December 23, 2007, plaintiff again objected to orders from jail officials, this time to move to a different cell.  Plaintiff alleges that officer Player placed him in a choke hold, worsening his back and neck injuries.

"To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted.  *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).  In *Johnson v. Moody*, 206 Fed. Appx. 880 (11th Cir. 2006), the Eleventh Circuit found that in a case involving alleged use of excessive force against an inmate, the extent of the plaintiff's injury, involving "only a superficial injury to his finger and fingernail", "showed that the force was not used maliciously and sadistically".  *Id.* at 884.  In *Johnson*, the prisoner plaintiff's finger was injured when a metal tray door shut on his hand, which the plaintiff alleged as kicked shut by the defendant officer in an attempt to break the plaintiff's finger. The defendant officer alleged that the plaintiff had refused to move his hand out of the door when ordered to do so.  The court noted its prior holding that "an injury can be 'objectively, sufficiently serious' [to constitute a

constitutional violation] only if there is more than *de minimis* injury." *Id.* (citing *Boxer v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006.)

Herein, any injury to the plaintiff's back caused by defendant Player's choke hold on December 23, 2007, was not more than *de minimis*. In his deposition testimony, the plaintiff in fact admits that the incident itself did not cause him any new injury. *Plaintiff's depo.* at p. 42. As with the first incident, the need for the use of force resulted from the plaintiff's failure to follow instructions, and specifically his arguments with the officers over whether he would move into another cell. The amount of force used by Player, in placing the plaintiff under his physical control but without rendering him unconscious or unable to talk, was enough force to gain control over the plaintiff but without causing injury. *See Plaintiff's depo.* at pp. 39-41. Thus, although defendant Player arguably could have used less force in exercising control over the plaintiff, the plaintiff failed to produce evidence showing that these actions were taken maliciously and sadistically for the very purpose of causing harm." *See also Hudson*, 503 U.S. at 6; *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999)(explaining that "force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary".).

*Defendant Drawdy*

The plaintiff has named Officer Drawdy as a defendant apparently on the basis of his alleged failure to intervene in the second incident of force, on December 23, 2007. However, as the defendants point out, an officer cannot be held liable for failing to intervene when the prisoner plaintiff was not subjected to excessive force, nor can an officer be held liable when he was not in a position to intervene. *Skrtich v. Thornton*, 280 F.3d 1295,1301 (11th Cir. 2002). It is undisputed herein, established by Drawdy's unrefuted affidavit testimony, that at the time of

the application of force by Officer Player on December 23, 2007, Officer Drawdy was on the first floor, while the plaintiff and Player were on the second floor of the jail.  *Drawdy aff*. at ¶ 27.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 28th day of July, 2009.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb